NO. 07-06-0156-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 15, 2006

_____


MICHAEL JESUS COY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY;

NO. 703172; HONORABLE MICHAEL DENTON, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant, Michael Jesus Coy, was convicted of assault by bodily injury and sentenced to one year confinement and a $4,000 fine, probated in favor of one year community supervision. Presenting three issues, appellant contends (1) the hearsay statements of the victim admitted over his objection violated his right to

confrontation under the United States Constitution, (2) he was denied effective assistance of counsel, and (3) the evidence was factually insufficient to support his conviction. We affirm.

In June 2005, appellant was arrested and charged with assaulting his wife during a dispute at the couples' home. Despite multiple subpoenas, the victim failed to appear for trial. The State proceeded with its case by offering the victim's statements through the testimony of the two police officers who investigated the complaint. Counsel for appellant objected to hearsay; however, the court admitted the testimony under the excited utterance exception of Rule 803(2) of the Rules of Evidence. Appellant was subsequently convicted of the offense.

By his first issue, appellant contends that by admitting the victim's out-of-court statements, the trial court violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. Although he concedes that he did not object on constitutional grounds at trial, appellant maintains that because the State mentioned the case of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), he was not required to make a separate Confrontation Clause objection. We disagree.

As a prerequisite to appellate review, a defendant must make a timely request, objection, or motion stating the grounds with sufficient specificity to apprise the trial court of his complaint. Tex. R. App. P. 33.1(a). The purpose of this requirement "is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for

2

the objection." Martinez v. State, 22 S.W.3d 504, 507 (Tex.Cr.App. 2000). Recently, the Court of Criminal Appeals has made it clear that an objection to hearsay does not preserve error on Confrontation Clause grounds. Reyna v. State, 168 S.W.3d 173, 179 (Tex.Cr.App. 2005); Paredes v. State, 129 S.W.3d 530, 535 (Tex.Cr.App. 2004). In addition, objections below that do not comport with those uttered on appeal are generally not preserved for review. Wilson v. State, 71 S.W.3d 346, 349 (Tex.Cr.App. 2002). Consequently, appellant's first issue presents nothing for review and is overruled.

Alternatively, by his second issue, appellant argues that because counsel failed to preserve error on Confrontation Clause grounds, he received ineffective assistance of counsel. We disagree.

Ineffectiveness of counsel is reviewed under the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002); Thompson v. State, 9 S.W.3d

808, 813 (Tex.Cr.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 814 (citing *Strickland*, 466 U.S. at 700). The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id.* Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Furthermore, appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See e.g.*, Andrews v. State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005); Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002). To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813-14.

In the present case, the record fails to demonstrate counsel's performance fell below an objective standard of reasonableness. Counsel vigorously cross-examined the State's witnesses, attempted to discredit their version of events, and repeatedly attacked the State's failure to produce the photographs of the victim's injuries. He also made pertinent objections throughout the trial, most notably, he lodged a valid, albeit unsuccessful, hearsay objection under the Rules of Evidence prior to the introduction of the witnesses out-of-court statements. Contrary to appellant's assertion, there are a number of

4

conceivable reasons why counsel might have declined to object on confrontation grounds. For example, as the State points out, he may have simply believed that the testimony was admissible, making an objection inappropriate. *See Thompson,* 9 S.W.3d at 814.

Based on the record before us and provided the presumption that trial counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated. *See Bone,* 77 S.W.3d at 833; Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). Appellant's second issue is overruled.

By his third issue, appellant claims that without the victim's hearsay statements, the State's evidence is factually insufficient to support his conviction. However, we conduct a factual sufficiency analysis by considering all the evidence before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). Because we cannot conduct a sufficiency review without considering the victim's out-of-court statements, appellant's third point presents nothing for review and is overruled. Fuller v State, 827 S.W.2d 919, 931 (Tex.Cr.App. 1992).

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.